IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Crim. No. 23-68-1-CFC |
| TONNAIRE MCNAIR-MATTHEWS, | |
| Defendant. | |

## MEMORANDUM ORDER

The Indictment in this action charges Defendant Tonnaire McNair-Matthews with conspiracy to commit Hobbs Act Robbery (Count I), kidnapping (Count II), carjacking (Count IV), Hobbs Act Robbery (Count V), brandishing a firearm in relation to a kidnapping (Count VI), and brandishing a firearm in relation to Hobbs Act Robbery (Count VII).  D.I. 3.  Pending before me is McNair-Matthews' motion to suppress evidence obtained from the execution of a search warrant signed by a federal magistrate judge on January 29, 2024.  D.I. 106.

I.

According to the Indictment, on April 14, 2023, McNair-Matthews and two co-defendants, David Hinson and Mikayiah Powell, crashed a stolen Jeep Cherokee into a Prius driven by Victim-1 in Pennsylvania and forced the Prius to

come to a stop in Delaware.  McNair-Matthews then approached the Prius, brandished a firearm, pushed Victim-1 into the passenger seat, got into the driver's seat, forced Victim-1 to disclose to him her bankcards' PIN numbers, and drove the car back to Pennsylvania, where he raped Victim-1 at gunpoint.  McNair then drove by himself in the Prius to several locations in Delaware, where he was caught on surveillance camera recordings using Victim-1's PIN and bankcard to obtain cash withdrawals from ATM machines.  McNair was dressed at the time in all black, with a mask on, and wearing distinctive cream-white sneakers.

Shortly thereafter, McNair-Matthews met Hinson, Powell, and a third-co-defendant, Michael Caldwell, at Powell's residence.  McNair-Matthews provided the three men with the firearm, Victim-1's bankcards, and her PIN code.  Hinson and Caldwell then traveled in a car to a Royal Farms gas station, where Hinson attempted to use Victim-1's bank card to obtain cash withdrawals from ATM machines.  In the meantime, McNair-Matthews and Powell arrived at the Royal Farms in the Jeep Cherokee.  Surveillance camera recordings from the Royal Farms store showed McNair-Matthews dressed in a second distinctive outfit—a black hoodie with a large red "Polo" emblem, black jeans, blue and white Nike Foamposite sneakers, and a black mask.  Minutes later, Wilmington Police officers

2

arrived on the scene. McNair-Matthews and Powell fled the scene in the Jeep and evaded apprehension. During and shortly after their escape, McNair used what the FBI calls McNair Phone-1 (302-887-0544) to call, speak with, and send location pins to Hinson. D.I. 106-1 at 19, 27, 28. That phone was recovered from Powell on April 17, 2023 when Powell was arrested. D.I. 106-1 at 28.

When executing a search of McNair Phone-1 pursuant to a warrant, law enforcement found a contact card under McNair-Matthews' nickname, "Toon," that identified the Apple iCloud account aziadavis@icloud.com for both a phone and email. Law enforcement also found in McNair Phone-1 an image depicting a screen capture of Powell engaging in a Facetime call with the contact "Toon" on April 15, 2023. In addition, law enforcement found on the phone photographs of McNair-Matthews wearing the same distinctive outfits he had worn on April 14, 2023.

On January 29, 2024, FBI Special Agent Shawn Haney submitted to a magistrate judge in this Court a sworn affidavit in support of an application for a search warrant for information, including among other things files, transactional logs, emails, instant messages, phone and Facetime records, maintained by Apple that is associated with the iCloud account aziadavis@icloud.com. D.I. 106-1 at 4–

45. The magistrate judge granted the application and signed the warrant that same day. D.I. 106-1 at 46.

## II.

A district court tasked with reviewing the constitutionality of a challenged search warrant is to "conduct only a deferential review of the initial probable cause determination made by the magistrate." *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010). "The role of a reviewing court is not to decide probable cause *de novo*, but to determine 'whether the magistrate had a substantial basis for concluding that probable cause existed.'" *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)).

McNair-Matthews argues that any evidence obtained pursuant to the April 29, 2024 search warrant should be suppressed because the affidavit presented to the magistrate judge was "insufficient to support a reasonable belief that any instrumentalities or proceeds from alleged illegal activity would be found at aziadavis8@icloud.com." D.I. 106 at 10. The affidavit, however, contained a substantial basis to justify the magistrate judge's probable cause determination.

According to the affidavit, Powell told law enforcement in a post-arrest interview that McNair-Matthews went by the nickname "Toon." The affidavit

4

further stated that McNair Phone-1 (i.e. Powell's phone) showed a contact for

"Toon" associated with aziadavis8@icloud.com, and had a screenshot image of

Powell having a Facetime call with "Toon" on April 15, 2023 (i.e., one day after

the alleged kidnapping and rape and while both Powell and McNair were evading

arrest).  The magistrate judge could reasonably infer from these averments that the

iCloud account associated with "Toon" would contain evidence relating to

McNair-Matthews' flight and his coordination with Powell.

### III.

Even if the affidavit lacked a substantial basis for a probable cause finding,

it cannot be reasonably maintained—and McNair-Matthews does not maintain—

that the FBI acted in bad faith in obtaining or relying on the warrant.  For that

reason, too, I will deny the motion.  *See United States v. Ninety-Two Thousand*

*Four Hundred Twenty-Two Dollars & Fifty-Seven Cents ($92,422.57)*, 307 F.3d

137, 145 (3d Cir. 2002) ("[S]uppression of evidence is inappropriate when an

officer executes a search in objectively reasonable reliance on a warrant's

authority.") (internal quotation marks and citation omitted).

\* \* \* \*

NOW THEREFORE, at Wilmington on this Second day of July in 2024, it is HEREBY ORDERED that Defendant McNair-Matthews' motion to suppress (D.I. 106) is DENIED.

CHIEF JUDGE