IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal Action No. 23-68-1-CFC |
| TONNAIRE MCNAIR-MATTHEWS, | |
| Defendant. | |

Kevin Pierce and Samuel S. Frey, UNITED STATES ATTORNEY'S OFFICE, Wilmington, Delaware

*Counsel for Plaintiff*

Jeremy H. Gonzalez Ibrahim, LAW OFFICE OF JEREMY H. GONZALEZ IBRAHIM, Chadds Ford, Pennsylvania

*Counsel for Defendant*

**MEMORANDUM OPINION**

September 22, 2025
Wilmington, Delaware

_____
COLM F. CONNOLLY
CHIEF JUDGE

On July 25, 2024, a jury convicted Defendant Tonnaire McNair-Matthews on six counts: conspiracy to commit Hobbs Act robbery (Count One), kidnapping (Count Two), carjacking (Count Four), Hobbs Act robbery (Count Five), brandishing a firearm in relation to a kidnapping (Count Six), and brandishing a firearm in relation to a Hobbs Act robbery (Count Seven). D.I. 143. Defendant then filed the instant motion (D.I. 204), seeking a judgment of acquittal or, in the alternative, a new trial, on Counts Two and Six. I will deny the motion for the reasons set forth below.

I.

The evidence at trial showed that in the early morning hours of April 14, 2023, Defendant teamed up with Mahkiya Powell and David Hinson, Jr. to rob unsuspecting drivers in Delaware. *See* 7.23.24 Trial Tr. 519:23–522:9 (docketed as D.I. 166). The group's plan consisted of ramming the all-black Jeep they were driving into other cars in the hope that the drivers would pull over, at which point, the group, armed with a handgun, could rob them. *See, e.g.*, 7.23 Tr. 521:12–524:2, 525:10–526:1; *see also* 7.22.24 Trial Tr. 202–263 (docketed as D.I. 165) (detailing three motorists' interactions with the group's SUV).

One driver the group targeted was Victim 1. According to her testimony at trial, Victim 1 was commuting from her home in Pennsylvania to work in Delaware that morning, 7.22 Tr. 324:16–325:8, when suddenly a large black SUV "driving really, really fast" came out of nowhere and slammed into the back of her Prius. 7.22 Tr. 328:15–329:21. After the collision, Victim 1 pulled over, called 911, and exited her car. 7.22 Tr. 329:22–331:8. In the meantime, the large black SUV had pulled up behind her. 7.22 Tr. 330:20–22.

David Hinson, Jr. testified at trial that after the group rammed the Prius, he handed Defendant the gun he had been holding so that Defendant could "rob the lady" driving the Prius. 7.23 Tr. 527:5–14. Defendant then got out of the car carrying the gun, approached the lady who had been driving the Prius, pointed the gun at her, and dragged her back into her car. 7.23 Tr. 527:6–22. Defendant then hopped in the driver's seat of the Prius and sped away with the woman still in the car. 7.23 Tr. 529:2–10. Victim 1 testified that during the drive, he made her take off her clothes, 7.22 Tr. 338:5–13, and once she undressed, he penetrated her vagina with his finger, 7.22 Tr. 342:14–23. Eventually, he pulled over and got out of the car, made Victim 1 get out of the car, bent her over the driver's seat, positioned himself behind her, and, against her will, penetrated her vagina with his penis and her anus with his finger. 7.22 Tr. 343:5–6, 343:23–344:17, 345:12–22.

A short time later, he got back in the Prius and sped away, leaving behind Victim 1. *See* 7.22 Tr. 346:11–12.

Defendant was eventually apprehended and charged with six counts: conspiracy to commit Hobbs Act robbery (Count One), kidnapping (Count Two), carjacking (Count Four), Hobbs Act robbery (Count Five), brandishing a firearm in relation to a kidnapping (Count Six), and brandishing a firearm in relation to a Hobbs Act robbery (Count Seven). D.I. 3. Following a guilty verdict on all counts, D.I. 143, Defendant filed this motion, seeking a judgment of acquittal or, in the alternative, a new trial, on Counts Two and Six, D.I. 204.

## II.

Defendant first argues that he is entitled to a judgment of acquittal on Counts Two and Six under Federal Rule of Criminal Procedure 29.

### A.

After a jury verdict, "[a] defendant may move for a judgment of acquittal" of any offense for which the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(c). "A defendant challenging the sufficiency of the evidence pursuant to Rule 29 bears a heavy burden." *United States v. John-Baptiste*, 747 F.3d 186, 201 (3d Cir. 2014) (internal quotation marks and citation omitted). Indeed, acquittal "should be confined to cases where the prosecution's failure is clear."

*United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (internal quotation marks omitted).

In analyzing a Rule 29 motion, "the court must view the evidence and the inferences logically deducible therefrom in the light most favorable to the government." *United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1989). The jury's verdict may not be overturned unless "the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt." *Id.* (citation omitted). "In determining whether evidence is sufficient, [the court] will not weigh evidence or determine the credibility of witnesses." *United States v. Casper*, 956 F.2d 416, 421 (3d Cir. 1992). Nor will the court "substitut[e] its judgment for that of the jury." *Brodie*, 403 F.3d at 133.

### B.

To obtain a conviction under the kidnapping statute, 18 U.S.C. § 1201, the government must prove beyond a reasonable doubt "four elements: (1) the transportation in interstate commerce (2) of an unconsenting person who is (3) held for ransom or reward or otherwise, (4) such acts being done knowingly and willfully." *United States v. Barton*, 257 F.3d 433, 439 (5th Cir. 2001). Defendant argues that I improperly instructed the jury on the third element, requiring that Defendant held Victim 1 "for ransom or reward or otherwise." *See generally* D.I. 204. More specifically, he says the jury was instructed improperly on the "or

4

otherwise" language of this element.[1] *See, e.g.,* D.I. 204 at 7. Defendant says that without an appropriate "or otherwise" instruction, the jury lacked sufficient guidance to determine whether his conduct satisfied the third element, and without sufficient guidance on this element, a judgment of acquittal on the kidnapping charge (Count Two) is warranted. *See* D.I. 204 at 3. Because a lawful kidnapping conviction is an element of brandishing a firearm in connection with a kidnapping (Count Six), Defendant asserts that I must enter a judgment of acquittal on Count Six if I determine a judgment of acquittal on Count Two is warranted. *See* D.I. 204 at 3. The government agrees that if Count Two falls, Count Six falls with it. *See* D.I. 205 at 3 n.1.

Defendant first argues that the "or otherwise" instruction was erroneous because it "limited the jury to considering only the sexual assault/rape." D.I. 204 at 7. This argument is factually incorrect. The at-issue instruction read in its entirety:

> The phrase "ransom or reward or otherwise" means to detain a person for anything that the individual who is holding that person feels is of benefit or has value. Such benefit is not limited to money or any measurable or material item. The term "or otherwise" *includes* sexual gratification.

---

[1] The government does not argue that Defendant held Victim 1 for ransom or reward. The parties' briefs are solely directed to the "or otherwise" language. *See generally* D.I. 204; D.I. 205.

5

D.I. 148 at 48 (emphasis added). This instruction permitted the jury to convict Defendant if he held Victim 1 *for anything* that he felt was of benefit or had value. The use of the word "includes" makes clear that sexual gratification is illustrative but not exhaustive of the potential benefits or value Defendant may have derived from taking Victim 1 without her consent. Includes, by definition, is not limiting or exclusive. *Includes*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/include ("to take in or comprise as a part of a whole or group") (last visited August 28, 2025). Therefore, "or otherwise" was not limited to sexual assault/rape, as Defendant suggests.

Defendant next argues that absent an instruction on the elements of rape, the jury did not have a sufficient basis to find that his conduct satisfied the "or otherwise" language in the kidnapping statute. Defendant fleshes out this argument with these words:

> Although the defendant was alleged to have committed a rape, the jury was instructed that "sexual gratification" – without any defining elements of either rape or sexual gratification – was sufficient to satisfy an element of kidnapping as charged in Count Two. Absent further instruction on the elements of the crime of rape, the jury did not have a basis to make a finding that sexual gratification was established by the evidence.

D.I. 204 at 3. He continues:

> While factually the government presented overwhelming evidence to support the rape/sexual assault allegation, the jury was not guided in their evaluation of

6

>   whether there was the commission of the offense of rape/sexual assault to support a finding that it fell within the "otherwise" category as instructed by the Court.
>
>   Absent a finding that the rape/sexual assault allegations were properly presented to the jury for reliance as "otherwise" in the kidnapping charge, that verdict must be overturned for insufficiency of evidence, and dismissed.

D.I. 204 at 7–8.

Defendant, however, does not cite, and I am not aware of, any case holding that if a benefit or value a defendant sought to obtain from holding an unconsenting person is itself a crime, the jury must be instructed on the elements of that crime and find beyond a reasonable doubt that the defendant's conduct met those elements, for the kidnapping statute's "or otherwise" requirement to be satisfied.

But accepting Defendant's argument as true, for even a moment, he is doomed on his own terms. Jury instructions are viewed as a whole, not in isolation. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991). The jury was instructed on the elements of carjacking—(1) taking a car, (2) intending to cause serious bodily harm while taking the car, (3) crossing state lines in the car, and (4) using force and violence or intimidation to take the car. D.I. 148 at 49. And the government introduced sufficient evidence from which the jury could have concluded beyond a reasonable doubt that a benefit or value Defendant sought to

7

and, in fact, did obtain from taking Victim 1 was carjacking her vehicle.

According to Hinson's testimony at trial, he gave Defendant the group's gun so that Defendant could "rob the lady" driving the Prius. 7.23 Tr. 527:5–14. Defendant then got out of the car carrying the gun, approached the lady who had been driving the Prius, pointed the gun at her, and dragged her back into her car. 7.23 Tr. 527:6–22. As evidenced by Detective Armstrong's testimony at trial, Defendant then crossed state lines in the car. *See* 7.22 Tr. 391:15–395:10. He took Victim 1's car in Delaware and drove her to Chadds Ford, Pennsylvania, where she was sexually assaulted. *See* 7.22 Tr. 391:15–395:10. According to Victim 1's testimony, he sped away in her vehicle shortly after sexually assaulting her. *See* 7.22 Tr. 346:11–12. The presence of the carjacking instruction means the jury had all they needed, under Defendant's own theory, to find that he held Victim 1 "for ransom or reward or otherwise" when he took her for the purpose of, and then, in fact, did carjack her vehicle. *See Estelle*, 502 U.S. at 72 (explaining that jury instructions are viewed as a whole, not in isolation).

Worse still for Defendant, it was appropriate for the jury to convict him if it found that he kidnapped Victim 1 for "sexual gratification," even if the "sexual gratification" he obtained from taking Victim 1 ultimately fell short of meeting the

8

elements of rape.[2] In *United States v. McBryar*, 553 F.2d 433 (5th Cir. 1977), the defendant was convicted of kidnapping and argued on appeal that the evidence adduced at trial was insufficient to show that he held the victim "for ransom or reward or otherwise." *Id.* at 433. At trial, the victim testified that when she asked to be let out of the car that the defendant was transporting her in, the defendant refused and told her that she was "going to have to go to bed with him." *Id.* at 434. She escaped before he was able to succeed in his mission of taking her to bed. *See generally id.* On appeal, the Fifth Circuit held that the victim's testimony showed that "the [defendant]'s purpose behind his act was sexual gratification, which is sufficient to satisfy the requirement that the person be held for ransom or reward or otherwise." *Id.*

If a defendant's expression of his sexual desire—conduct well short of rape—can satisfy the kidnapping statute's "or otherwise" language, as in *McBryar*, it stands to reason that the jury here did not need to be instructed on the elements of rape and ultimately conclude that Defendant's conduct met those elements. Any sexual benefit or value Defendant sought to obtain from taking Victim 1 was sufficient to meet the "or otherwise" requirement. Indeed, "Congress by the phrase

---

[2] The government adduced overwhelming evidence that Defendant did, in fact, rape Victim 1. Defendant concedes as much in his brief, stating "factually the government presented overwhelming evidence to support the rape/sexual assault allegation." D.I. 204 at 8.

9

'or otherwise' intended to include *any object* of a kidnapping which the perpetrator might consider of sufficient benefit to himself to induce him to undertake it." *United States v. Parker*, 103 F.2d 857, 861 (3d Cir. 1939) (emphasis added).

And in this case, there was overwhelming evidence from which the jury could have concluded that Defendant took Victim 1 to obtain a sexual benefit or value—including the fact that Defendant, as evidenced by Victim 1's testimony at trial, penetrated her with his finger as he drove, 7.22 Tr. 342:14–23, and then had sex with her against her will once they stopped, 7.22 Tr. 343:5–6, 343:23–344:13, 345:12–22.

Accordingly, I will deny Defendant's motion insofar as it seeks a judgment of acquittal on Count Two. And because Count Six rises and falls with Count Two, I will also deny his motion to the extent it seeks a judgment of acquittal on Count Six.

II.

In the alternative, Defendant seeks a new trial on Counts Two and Six under Federal Rule of Criminal Procedure 33.

A.

Rule 33 permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Such motions are not favored and should be granted sparingly and only in exceptional cases." *United*

10

States v. Silveus, 542 F.3d 993, 1005 (3d Cir. 2008) (internal quotation marks omitted). "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002). The court "can order a new trial only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." Silveus, 542 F.3d at 1004–05.

### B.

Defendant does not distinguish between his arguments made in support of a judgment of acquittal and those made in support of a new trial. *See generally* D.I. 204. His arguments made in support of a new trial, therefore, fail for the reasons stated above.

Moreover, a new trial is unwarranted here because there is no danger that "a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *Silveus*, 542 F.3d at 1004–05. The government introduced overwhelming evidence of Defendant's guilt. I will, therefore, deny Defendant's motion to the extent it seeks a new trial on Counts Two and Six.

11

## III.

For the reasons stated above, I will deny Defendant's motion for a judgment of acquittal, or in the alternative, a new trial (D.I. 204).

The Court will issue an Order consistent with this Memorandum Opinion.